

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ANTHONY NAQUAN WEST, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:08-CV-0115 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DENY PETITION
## FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

On June 4, 2008,[1] petitioner filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging the result of a prison disciplinary proceeding. In order to challenge a state prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory release and have received a punishment sanction which included forfeiture of previously accrued good time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). Petitioner is in respondent's custody pursuant to a conviction for the felony offense of capital murder out of Dallas County, Texas,[2] and the resultant life sentence.[3] An inmate is not eligible for release to mandatory supervision if the inmate is serving a

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 375 (5th Cir. 1998) ("a *pro se* prisoner's habeas petition is filed, for purposes of determining the applicability of the AEDPA, when he delivers the papers to prison authorities for mailing").

[2] Although the prison disciplinary proceeding complained of occurred at the Clements Unit, located in Potter County, Texas, which is located within the Northern District of Texas, Amarillo Division, petitioner was housed at the Telford Unit in Bowie County, Texas, located within the Eastern District of Texas, at the time he filed the instant petition. Thus, this Court does not have jurisdiction on the basis of where petitioner is being held in custody. However, because petitioner was convicted in Dallas County, which is located within the Northern District of Texas, this Court has jurisdiction to hear this case. *See Wadsworth v. Johnson*, 235 F.3d 959, 962-63 (5th Cir. 2000).

[3] Petitioner is also in respondent's custody pursuant to a 10-year sentence for burglary of a habitation.

sentence for or has previously been convicted of capital murder. Tex. Gov't Code Ann. § 508.149(a)(3). Furthermore, due to the nature of his underlying sentence of life imprisonment, petitioner is factually <u>in</u>eligible for mandatory supervision because a term of life imprisonment does not have a maximum term or discharge date other than death and it is not possible to calculate the statutory formula because calendar time plus good time earned can never equal the unknown length of the life sentence. *Cf. Brown v. Cockrell*, 2002 WL 638584, *3, 3:01cv1425-R (N.D. Tex. April 17, 2002). As petitioner will never be released to mandatory supervision due to his life sentence, he is factually <u>not</u> eligible for mandatory supervised release.[4]

As petitioner is not eligible for release to mandatory supervision due to his conviction for capital murder and resultant life sentence, he is not entitled to any federal habeas corpus relief. Consequently, petitioner's habeas application should be DENIED.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner ANTHONY NAQUAN WEST be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 16th day of July 2008.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

---

[4] Petitioner also acknowledges in his application that he is not eligible for mandatory supervised release.

# * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).